MAXEY *v.* HUGHES.

4-8492                                                209 S. W. 2d 303

Opinion delivered March 15, 1948.

*Harvey L. Joyce and Glen Wing,* for appellant.

*Lee Seamster,* for appellee.

McHANEY, Justice. Appellants and appellees own separate and adjacent tracts of land in the city of Fayetteville, each of which tracts is described by metes and bounds. This suit involves the title to a strip of land 110 feet long running north and south, about seven and one-half feet wide at the south end and about three and nine-tenths feet wide at the north end.

Appellees and their predecessors in title have owned a rectangular lot or tract 100 by 110 feet for many years. Appellees bought same from Hosea Fincher and wife July 19, 1946, and the title thereto is deraigned from E. S. Clark who purchased same August 13, 1923, from J. T. Joiner and wife. It has been in the actual possession of Clark and those claiming under him since August, 1923. Clark built a house thereon and moved into it in January, 1924, and continued to reside there until he sold it November, 1945.

Appellants own the tract or lot immediately to the east of appellees, which they acquired from the heir of W. E. Stafford in 1945. Stafford had owned said tract since 1918, and he and Clark were neighbors. Appellants, in an *ex parte* proceeding, secured a decree confirming their title to the disputed strip in October, 1945. They also constructed a fence on all or a portion of the west side of the disputed strip.

Appellees brought this action to set aside the confirmation decree above mentioned, to require appellants to remove the fence they had built and to confirm and quiet the title to said strip in them. Appellants answered claiming the strip in dispute. They set up the fact of an old fence row along a portion of the line, and asserted that this fence row was an agreed boundary line between the properties. Trial resulted in a decree for appellees, granting the relief prayed by them, including the setting aside of the former confirmation decree. This appeal followed.

We think the only question of any consequence in this case is one of fact. Clark and Stafford were long time owners of their respective tracts and resided thereon. They were neighbors, living close together. Stafford is

now dead and has been for some years. Clark is still living and testified in this case. He said there was an old fence that ran part way between him and Stafford when he moved on his property; that he asked Stafford where the correct line was between their properties and Stafford did not know; that he asked Stafford if they should have the line surveyed and Stafford replied that he didn't think so,—that there was enough land there for both of them; that they had no agreement that the old fence was on the line; and that there never was an agreed boundary line between him and Stafford or between him and the Stafford heir after her father's death, even though he attached a fence on his side to the old fence and that Stafford cut the weeds and grass on his side up to the old fence. The effect of his testimony was that there was no boundary established by agreement and that each claimed to own to the true line regardless of the old fence. Two surveyors testified that the old fence was not on the correct line and that the true line was where the decree of the court put it and which required appellants to move the fence they had constructed eight feet and eight inches east from its present location to the southeast corner of appellees' property, and, at the north end of their property, appellants were required to move the fence three feet and eight inches east to the northeast corner of appellees' property, and on a straight line between said points.

While there is some dispute in the testimony and some contradiction of Mr. Clark's testimony by other witnesses, it appears to be practically certain that the surveyors located the true line between these properties. At least we cannot say the decree is against the preponderance of the evidence, and it is, accordingly affirmed.